NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDWARD SALERNO, | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 07-CV-3551 (DMC) |
| STATE OF NEW JERSEY, *et al.*, | |
| Respondent. | |

**DENNIS M. CAVANAUGH, U.S.D.J.**:

      This matter comes before the Court upon motion by Petitioner Edward Salerno ("Petitioner") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Petitioner's motion for a writ of *habeas corpus* is **denied**.

**I.　BACKGROUND**[1]

      On July 21, 1993, Petitioner was arrested and charged with sexual assault, two counts of criminal sexual contact, criminal restraint and endangering the welfare of a child. On May 3, 1995, Petitioner pled guilty to one count of sexual assault (N.J.S.A. §§ 2C:14-2c(5)), two counts of criminal sexual contact (N.J.S.A. §§ 2C:14-3b) and one count of endangering the welfare of children (N.J.S.A. §§ 2C:24-4a). On September 28, 1995, Petitioner was sentenced to a term of nine years with four years parole ineligibility.

---

[1] The facts set forth in this Opinion are taken from the facts in the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

In 2001, prior to expiration of his term of incarceration pursuant to the sentences for these convictions, the State filed a petition seeking Petitioner's civil commitment pursuant to the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. §§ 30:4-27.24, *et seq*. On August 28, 2001, a commitment hearing was conducted and the court found that the State had established, by clear and convincing evidence, that Petitioner was a sexually violent predator in need of commitment. On August 20, 2002, Petitioner's first annual review hearing was held, after which he was re-committed for another year. The Superior Court of New Jersey, Appellate Division rejected his appeal on October 21, 2004. On September 26, 2005, another review hearing was held and Petitioner was recommitted for another year. Petitioner appealed, but later withdrew his appeal. On September 12, 2006, Petitioner had another review hearing, after which he was recommitted for another year. On September 14, 2006, Petitioner filed a Notice of Appeal alleging that the State had failed to meet its burden of proof and that the State's expert relied upon inadmissible hearsay. On March 14, 2007, during the oral argument before the Appellate Division, Petitioner's counsel argued only that the trial court did not properly consider Petitioner's physical condition as it relates to risk of reoffense. The Appellate Division affirmed Petitioner's recommitment on April 9, 2007. Petitioner's petition for certification to the New Jersey Supreme Court was denied on July 6, 2007.

Petitioner filed the instant *habeas corpus* petition on or about August 30, 2007, raising eight grounds for relief: (1) the prosecution in his 1995 sexual assault trial failed to disclose favorable evidence and because he is not guilty of the 1995 sexual assault for which a jury convicted him he is not eligible for commitment under the SVPA; (2) commitment under the SVPA violates the protection against double jeopardy; (3) he had a right to a jury trial for his SVPA commitment hearing; (4) he received ineffective assistance of counsel; (5) the State's expert's opinion was based

on inadmissible hearsay; (6) his Fifth Amendment rights were violated; (7) his commitment under the SVPA is based on a finding that his behavior is repetitive and compulsive and there is no proof to that effect; and (8) his right to equal protection has been violated.

## II. DISCUSSION

Petitioner's grounds for relief are based on his allegedly unlawful commitment pursuant to the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. §§ 30:4-27.24, *et seq*. The SVPA states that "if the court finds by clear and convincing evidence that the person needs continued involuntary commitment as a sexually violent predator, it shall issue an order authorizing the involuntary commitment of the person to a facility designated for the custody, care and treatment of sexually violent predators." N.J.S.A. §§ 30:4-27.32(a). A "sexually violent predator" is defined as a person who has been convicted of a sexually violent offense "and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. §§ 30:4-27.26.

### A. Petitioner May Not Challenge the Validity of His Conviction for Sex Crimes in 1995 in His Challenge to His Commitment Under the SVPA

Petitioner challenges the validity of his criminal conviction in 1995, alleging that the prosecution failed to disclose favorable evidence. Petitioner claims that he was not guilty of the sex crimes for which a jury convicted him and, therefore, he was not eligible for commitment under the SVPA. Respondent argues that these claims are time-barred and specious.

An application for a writ of *habeas corpus* by a person in custody has a statute of limitation of one year from the date that the judgment became final. See 28 U.S.C. § 2244(d)(1). In 1995, Petitioner was sentenced to a total of nine years imprisonment for the sex crime which he now claims was wrongfully obtained. Since his sentence completely expired in 2004, he can not now challenge

3

his conviction by way of *habeas corpus*. This is true even though this conviction was used, in part, as a basis for his commitment as a sexually violent predator. See Maleng v. Cook, 490 U.S. 488, 491-92 (1989). The Supreme Court has held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Lackawana County Dist. Attorney v. Coss, 532 U.S. 394, 404 (2001). Accordingly, Petitioner's 1995 state conviction is regarded as conclusively valid and, in any case, Petitioner is time-barred from challenging his 1995 conviction.

  B. <u>The Petition for a Writ of Habeas Corpus Must Be Denied Because the Decisions of the New Jersey State Courts Were Not Contrary to Clearly Established Federal Law or Based upon an Unreasonable Determination of the Facts</u>

According to 28 U.S.C. § 2254(d), a habeas corpus application "shall not be granted . . . unless the [state court] adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct" and "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The United States Court of Appeals for the Third Circuit is clear in applying these standards in *habeas* cases. See Dickerson v. Vaughn, 90 F.3d 87, 90 (1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1993)); Duncan v. Morton, 256 F.3d 189, 196 (2001).

4

      i.      <u>Petitioner's Commitment Did Not Violate the Prohibition Against Double Jeopardy</u>

Petitioner argues that his commitment violates the prohibition against double jeopardy. However, the Supreme Court held that commitment under the sexually violent predator statutes is not punitive and therefore, it does not violate the Double Jeopardy nor the Ex Post Facto Clauses. <u>See</u> <u>Kansas v. Hendricks</u>, 521 U.S. 346 (1997); <u>Seling v. Young</u>, 531 U.S. 250 (2001). Therefore, Petitioner's commitment under the SVPA did no violate the prohibition against double jeopardy.

      ii.      <u>Petitioner Had No Right to a Jury Trial Under the SVPA</u>

Petitioner incorrectly claims he had a constitutional right to a jury trial at his SVPA hearing. First, "[t]here is no clearly established Supreme Court law which holds that due process requires a jury trial in civil commitment proceedings or that incorporates the Seventh Amendment right to a jury for such cases." <u>Poole v. Goodno</u>, 335 F.3d 705, 710-11 (8th Cir. 2003). The Supreme Court has stated that the Seventh Amendment right to a jury trial does not apply to state court proceedings. <u>See</u> <u>City of Monterey v. Del Monte Dunes at Monterey</u>, 526 U.S. 687, 719 (1999). Also, New Jersey law is clear in precluding a right to a trial by jury in commitment hearings. <u>See</u> <u>In re Civil Commitment of J.H.M.</u>, 367 N.J. Super. 599 (2003). Therefore, Petitioner did not have a right to a jury trial under the SVPA.

      iii.      <u>Petitioner Did Not Receive Ineffective Assistance of Counsel</u>

Petitioner claims that he received ineffective assistance of counsel, both at his criminal trial in 1995 and at the SVPA commitment hearings. In <u>Washingon v. Strickland</u>, the Supreme Court articulated the standard for evaluating ineffective assistance of counsel claims. <u>See</u> 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient" and "that the

deficient performance prejudiced" the petitioner. The petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. The petitioner must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result fo the proceeding would have been different." Id. at 694. Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Id. The Third Circuit stated that "[i]t is therefor only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).

In the current case, Petitioner claims that his counsel "worked as a State paid 'PUPPET,'" that his counsel conducted a deficient investigation, and that he did not represent him to the fullest extent of his ability. Petitioner, however, has not pointed to any specifics as to how counsel's conduct fell short or suggest what favorable evidence existed that counsel neglected to find that would undermine confidence in the outcome in this case. Therefore, Petitioner has not made a claim for ineffective assistance of counsel.

    iv.    The State's Expert's Opinion Was Not Based on Inadmissible Hearsay

Petitioner claims that the State's expert's opinion was based on hearsay in the form of "false accusations/false testimony that were made by the claimed victim." There is no support in the record, however, that the basis for the expert's opinion was the statement of the victim of the 1995 sex offense for which he was convicted. Therefore, the state's expert's opinion was not based on inadmissible hearsay.

6

v.  Petitioner's Fifth Amendment Rights Were Not Violated

Petitioner claims that his Fifth Amendment right against compelled self-incrimination is being violated. The reason he provides seems to be his refusal to make self-incriminating statements during his treatment program and his denial of privileges for refusing to participate in sex offender treatment. Petitioner has previously made the same claims that were denied by Judge Hochberg in Salerno v. Corzine, 2006 U.S. Dist. LEXIS 92353 (D.N.J. Dec. 20. 2006). There, the court stated the following:

> Salerno also clearly asserts a violation of his Fifth Amendment right against compelled self-incrimination. The Self-Incrimination Clause of the Fifth Amendment to the U.S. Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." The Self-Incrimination Clause applies to the States through the Fourteenth Amendment. The Clause speaks of "compulsion," and the U.S. Supreme Court has emphasized that the "constitutional guarantee is only that the witness not be compelled to give self-incriminating testimony."
>
> In McKune v. Lile, a sharply-divided Supreme Court held that the Fifth Amendment right against compelled self-incrimination is not violated by a prison sexual-abuse treatment program which imposes loss of various prison privileges for failure to participate in a counseling program that requires the inmates to complete an unprivileged sexual history form which details all prior sexual activities, regardless of whether such activities constitute uncharged criminal offenses. In upholding the constitutionality of the treatment program, both the plurality and the concurring Justices noted that failure to participate did not affect eligibility for good time credits or parole.
>
> Relying upon McKune, the Superior Court of New Jersey, Appellate Division, invalidated a New Jersey statute 5 to the extent it permitted good time credits to be withheld or revoked based upon a prisoner's refusal to disclose information about past events for which he could face subsequent prosecution. One year later, the Appellate Division expanded upon Bender, holding that a prisoner retains his privilege against self-incrimination until he has exhausted the direct appeal process from his criminal conviction, that a prisoner is not required to discuss the crimes for which he was convicted until his petition for certification is denied by the Supreme Court of New Jersey, and that good time credits may not be withheld or revoked

7

> based upon the refusal to disclose information about the crime of conviction until the direct appeals are exhausted.
>
> In <u>Chavez v. Martinez</u>, the Supreme Court indicated that violations of the prophylactic rules safeguarding the right against compelled self-incrimination do not amount to actual constitutional violations as required for civil liability under § 1983.
>
> As noted above, the Court of Appeals for the Third Circuit, has held in a non-precedential opinion that there is no Fifth Amendment violation in forcing a prisoner to choose between maintaining his innocence (with respect to the crime of which he was convicted) and participating in a treatment program necessary for parole recommendation.
>
> The Fifth Amendment right against self-incrimination remains available to a prisoner despite his conviction. However, "[i]t is well established that the privilege protects against real dangers, not remote and speculative possibilities.""The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." Thus, "when a witness can demonstrate a fear of prosecution, which is more than fanciful or merely speculative, he has a claim of privilege that meets constitutional muster."
>
> Here, Salerno is a civilly committed person and not an inmate anticipating parole. However, the Court finds this distinction to be immaterial in plaintiff's Fifth Amendment claim because there does not appear to be any "real" possibility that Salerno could be subject to future prosecution for admitting his responsibility for the crimes of which he was convicted and has already served his time in prison.
>
> Accordingly, the possibility that Salerno's admissions during his treatment program could lead to further prosecution is "remote and speculative." Salerno no longer has a Fifth Amendment privilege against answering questions about the crime of conviction for which he has already completed his term of imprisonment. Consequently, the Court finds that Salerno fails to state a claim for violation of the Self-Incrimination Clause and this claim will be dismissed accordingly.

<u>Id.</u> at *16-22 (citations and footnotes omitted); <u>see</u> <u>also</u> <u>Aruanno v. Spagnuolo</u>, 2007 U.S. Dist. LEXIS 36206 (D.N.J. May 15, 2007). For the above stated reasons, this Court denies Petitioner's Fifth Amendment claim.

      vi.    <u>Petitioner's Commitment Under the SVPA Was Not Based Upon a Finding that His Sexual Conduct Was Repetitive and Compulsive</u>

Petitioner claims that his commitment under the SVPA was based upon a finding that his sexual conduct was repetitive and compulsive. In fact, this is a finding that is necessary to be a candidate for an Adult Diagnostic and Treatment Center ("ADTC") sentence. <u>See</u> N.J.S.A. § 2c:47-1. Petitioner was evaluated for sentencing (and ultimate sentenced) to the ADTC for sex offender treatment as part of his pre-sentence evaluation for his 1995 sex offense conviction.

As stated previously, under the SVPA, a person is involuntarily committed when there is evidence of a prior conviction of a sexually violent offence and a likelihood to engage in acts of sexual violence. <u>See</u> N.J.S.A. § 30:4-27.26. Therefore, Petitioner's commitment under the SVPA was not based upon a finding that his sexual conduct was repetitive and compulsive.

      vii.    <u>Petitioner's Commitment Under the SVPA Does Not Violate His Right to Equal Protection</u>

Petitioner claims that involuntary civil commitment under the SVPA violates his right to equal protection. The Supreme Court stated that "[t]he Equal Protection Clause of the Fourteenth Amendment provides that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985); <u>see also</u> <u>Artway v. Attorney Gen.</u>, 81 F.3d 1235, 1267 (3d Cir. 1996). As stated previously, under the SVPA, a person is involuntarily committed when there is evidence of a prior conviction of a sexually violent offence and a likelihood to engage in acts of sexual violence in the future. <u>See</u> N.J.S.A. § 30:4-27.26. In the current case, Petitioner satisfied this requirement and he fits under the category of cases

for which involuntary commitment is sought. Therefore, Petitioner's commitment under the SVPA does not violate his right to equal protection.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's application for a writ of habeas corpus is **denied**. An appropriate Order accompanies this Opinion. Consequently, the matter is hereby **dismissed**.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:       April  21 , 2008
Orig.:      Clerk
cc:         Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File